PEOPLE v OLIVER

Docket No. 128043. Submitted May 7, 1991, at Lansing. Decided June
19, 1991; approved for publication December 12, 1991, at 9:10
A.M.

Charles E. Oliver, Jr., was charged in the Genesee Circuit Court
with possession with intent to deliver marijuana found in an
automobile in the City of Flint by a Mt. Morris Township police
officer who, upon the request of a fellow township police officer
who had been deputized as a Genesee County Sheriff's deputy,
had stopped the automobile and detained the defendant for
suspected receiving and concealing stolen property. The court,
Valdemar L. Washington, J., suppressed evidence of the mari-
juana and dismissed the charge, ruling that the arresting
officer was outside his jurisdiction when he apprehended the
defendant. The people appealed.

The Court of Appeals *held:*

MCL 764.2a; MSA 28.861(1) provides that a peace officer of a
county, city, village, or township of Michigan may exercise
authority and powers outside the county, city, village, or town-
ship when enforcing Michigan laws in conjunction with the
state police or a peace officer of the county, city, village, or
township involved. In this case, the arresting officer was acting
in conjunction with a peace officer of Genesee County when he
stopped the automobile and detained the defendant.

Reversed.

ARREST — TOWNSHIP POLICE OFFICERS — OUTSIDE OFFICER'S JURISDIC-
TION.

A township police officer has authority and power outside the
township but within the county to arrest a person for a viola-
tion of a state law where the arrest is made at the direction of
a fellow township police officer deputized as a sheriff's deputy
for that county (MCL 764.2a; MSA 28.861[1]).

REFERENCES

Am Jur 2d, Arrest § 50.
Validity, in state criminal trial, of arrest without warrant by
identified peace officer outside of jurisdiction, when not in fresh
pursuit. 34 ALR4th 328.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Marcia M. Mann,* Assistant Prosecuting Attorney, for the people.

*Joseph J. Farah,* for the defendant on appeal.

Before: Shepherd, P.J., and Wahls and R. B. Burns,* JJ.

Per Curiam. This is an appeal by the prosecution from an order granting defendant's motion to suppress evidence and dismiss a charge of possession with intent to deliver marijuana. We reverse.

At the time of defendant's arrest on September 7, 1989, Mt. Morris Township police officers were investigating a series of burglaries in a mobile home park in the township. Detective Sergeant Michael Dunklee, who was in charge of that case, had also been deputized by the Genesee County Sheriff because his investigations often took him outside his jurisdiction. Earlier in the day, a suspect in the burglaries had been arrested after his mother brought him to the Mt. Morris police station. This suspect took Dunklee to the home at which he had twice sold some of the stolen goods and further described the man to whom he had sold those items. The home was located in the City of Flint.

After returning the suspect to the police station, Dunklee and another officer watched the house. Sometime later, defendant, who fit the description given by the suspect, and another man came out, got into a car, and drove away. Dunklee followed them in an unmarked car and radioed another Mt.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Morris police officer, Sergeant McIlmurray, for assistance in stopping the car. The vehicle, which was being driven by defendant's companion, was stopped by McIlmurray inside the City of Flint. Although McIlmurray stopped the car because of Dunklee's request, he did not stop it until he discovered that the license plate on the car was for a diferent car.

The driver was arrested because of his suspected connection to the Mt. Morris burglaries. After running the names of the two men through the LEIN system, McIlmurray learned there was a warrant for defendant's arrest from Richfield Township on a charge of leaving the scene of a personal injury accident. Defendant was arrested on that charge. The passenger compartment of the vehicle was then searched and the officers discovered two plastic containers under the front passenger seat, where defendant had been sitting. In one container, the officers found five plastic bags of marijuana, scissors, hand-rolled cigarettes, burned "roaches," a scale, and approximately $15 in cash. Inside the second container were marijuana-seed residue, a foil packet with approximately twelve small white pills inside, and cigarette papers. A container of marijuana was also found under the driver's seat, and the officers confiscated approximately $2,000 in cash from defendant. Sometime later, after defendant was taken to the police station and read his *Miranda*[1] rights, he told Dunklee that the marijuana found under the passenger seat was his.

The sole issue in this matter is whether the stop and, thus, the subsequent search conducted by McIlmurray were unlawful because he acted outside his jurisdiction. That question first arose at

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

defendant's preliminary examination, and the magistrate ultimately found that McIlmurray was acting in conjunction with Dunklee, who was also a county deputy sheriff. Defendant then moved in the circuit court to suppress the evidence seized from the vehicle on the same ground. The trial court, after reviewing the preliminary examination testimony pursuant to an agreement of the parties, found that Dunklee, while deputized, did not have authority to direct McIlmurray to stop the vehicle and that McIlmurray stopped the car because of its improper license plate but, being outside his jurisdiction and not working in conjunction with anyone, had no authority to do so. The prosecution contends on appeal that this ruling was in error because Dunklee's authority as a deputy sheriff was not limited and, even though McIlmurray discovered the improper license plate at the time he stopped the vehicle, the stop was made at Dunklee's request because the occupants were suspected of having committed felonies. We agree.

A trial court's ruling on a motion to suppress evidence will not be reversed unless that decision is clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983). A decision is said to be clearly erroneous where, after a review of the record, this Court is left with a definite and firm conviction that a mistake has been made. *People v Armendarez,* 188 Mich App 61; 468 NW2d 893 (1991).

Defendant has maintained, and the trial court found, that Sergeant McIlmurray violated MCL 764.2a; MSA 28.861(1), which provides:

A peace officer of a county, city, village, or township of this state may exercise authority and powers outside his own county, city, village, or

> township, when he is enforcing the laws of this state in conjunction with the Michigan state police, or in conjunction with a peace officer of the county, city, village, or township in which he may be, the same as if he were in his own county, city, village, or township.

Detective Sergeant Dunklee was deputized by the Genesee County Sheriff pursuant to MCL 51.70; MSA 5.863. While that statute also permits the sheriff to appoint special deputy sheriffs with limited powers, there is no evidence in this matter that Dunklee was only a special deputy. Rather, he and another Mt. Morris police officer were deputized because their investigations often took them out of the township. There was no basis in the record for the trial court's finding that Dunklee was not acting under the same authority as a deputy sheriff actually employed by the county sheriff's department.

We thus find that McIlmurray was indeed acting in conjunction with a peace officer of the county when he stopped the automobile in which defendant was a passenger. McIlmurray testified that he stopped the car because of Dunklee's request and that he discovered the improper license plate "upon the stop." McIlmurray was instructed to detain the vehicle because there was at least one suspected felon in it, he was instructed to detain it before he observed the license plate, and there is no evidence that he would not have otherwise stopped the car even in the absence of an improper license plate. We therefore find that McIlmurray stopped the car not because of the license plate but because he was instructed to do so by Dunklee. The trial court's conclusion to the contrary is clearly erroneous.

We need not address whether the officers had a reasonable, articulable suspicion that defendant or

his companion had committed a crime, because that issue was not disputed and, thus, was not addressed in the lower court.

The trial court's order granting defendant's motion to suppress is reversed.