PEOPLE v MURO

Docket No. 149141. Submitted November 9, 1992, at Lansing. Decided
January 19, 1993, at 9:05 A.M.

Joseph H. Muro was charged in the Oakland Circuit Court with
possession with intent to deliver marijuana. The court, Richard
D. Kuhn, J., suppressed evidence of the marijuana, which was
discovered during a patdown search of the defendant after a
traffic stop of a pickup truck in which he was a passenger, on
the basis that the search violated the Fourth Amendment. The
prosecution appealed.

The Court of Appeals *held:*

The trial court clearly erred in suppressing the evidence. A
police officer may conduct a patdown search of a person for
weapons where there is less than probable cause for an arrest
if the officer reasonably suspects criminal activity and reason-
ably fears for the officer's personal safety or that of others. In
this case, nervous gestures by the defendant, suspicious move-
ments by the driver and the defendant, and the fact that the
license of the driver was suspended and a warrant for the
driver's arrest was outstanding, justified the officer's suspicions
and the patdown searches of both the driver and the defendant.

Reversed and remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Richard Thompson,* Pros-
ecuting Attorney, *Michael J. Modelski,* Chief, Ap-
pellate Division, and *Mary M. Stiel,* Assistant
Prosecuting Attorney, for the people.

*William E. Ziem,* for the defendant.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and
REILLY, JJ.

MICHAEL J. KELLY, J. Following a preliminary
examination, defendant Joseph H. Muro, charged
with possession with intent to deliver marijuana,

MCL 333.7401(1), (2)(c); MSA 14.15(7401)(1), (2)(c), was bound over for trial. Defendant's subsequent motion to suppress the evidence was granted by the trial court. The prosecution appeals as of right. We reverse.

On August 11, 1991, at approximately 5:30 P.M., Officer Hundersmarck, a City of Novi police officer, stopped a Chevrolet pickup truck on Twelve Mile Road near the Twelve Oaks Mall. The officer stopped the truck because its windshield was cracked and the driver's view was obscured. The truck was occupied by the driver, Robert Shannon, and defendant. Both men appeared to be "very nervous and fidgety." Specifically, defendant's voice cracked when he spoke to Officer Hundersmarck and he generally avoided eye contact with the officer, made twitching movements with his head, and rubbed his arms and legs. Shannon behaved in a similar fashion. Officer Hundersmarck returned to his patrol car to check both men's names through the police computer. He continued to watch the men through the rear window of the truck. Defendant made several movements of his head, left shoulder, and left arm toward the center of the truck and the driver. Shannon made similar movements toward the center of the truck and defendant. These movements, coupled with the fact that the men seemed nervous, caused Officer Hundersmarck to suspect criminal activity on their part and to fear for his safety. Subsequently, Officer Hundersmarck received information that the driver had a suspended license and that there was an outstanding warrant for his arrest. The driver was placed under arrest and a patdown search of defendant was conducted to determine if he had any weapons. During the search, defendant reached into his pants and pulled out four bags of marijuana.

The prosecution's sole argument on appeal is that the trial court erred in granting defendant's motion to suppress the evidence. A trial court's decision to grant a motion to suppress evidence will not be reversed unless that decision is clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983); *People v Oliver,* 192 Mich App 201, 204; 481 NW2d 3 (1991). We will reverse a trial court's decision in this regard if, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *People v Chambers,* 195 Mich App 118, 121; 489 NW2d 168 (1992).

*Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968), is the seminal case that holds that the police do not violate the constitution in frisking a person where there is less than probable cause to arrest. On the basis of a reasonable suspicion of possible criminal activity and reasonable fear for his own or others' safety, a police officer may pat down an individual for the limited purpose of discovering weapons. *Id.* The officer must be able to articulate specific facts that, taken together with rational inferences from those facts, reasonably warrant the intrusion. This is an objective standard that essentially involves a determination whether a reasonably prudent person in the particular circumstances would be warranted in the belief that his safety or the safety of others was in danger. *Michigan v Long,* 463 US 1032, 1050; 103 S Ct 3469; 77 L Ed 2d 1201 (1983). Whether the police conduct violates the Fourth Amendment's guarantee against unreasonable searches and seizures must be evaluated in light of the totality of the circumstances with which the police were confronted. *People v Armendarez,* 188 Mich App 61, 66-67; 468 NW2d 893 (1991).

After reviewing the record in this matter, we

conclude that the trial court's decision to suppress the evidence was clearly erroneous and must, therefore, be reversed. The information available to Officer Hundersmarck at the time of the patdown was sufficient to provide him with a reasonable suspicion that criminal activity had occurred and with a reasonable fear for his own safety. The nervous gestures, the suspicious movements, the fact that the driver's license was suspended, and the fact that there was an outstanding warrant for the driver's arrest justified the patdown of both occupants of the vehicle. We hold that under the totality of the circumstances the officer reasonably concluded that this defendant could be armed and dangerous. The trial court's conclusion to the contrary was clearly erroneous.

Reversed and remanded for proceedings consistent with this opinion.