*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellant,

v

DAVID ALLAN LUCYNSKI,

      Defendant-Appellee.

UNPUBLISHED
April 27, 2023

No. 353646
Tuscola Circuit Court
LC No. 20-015154-AR

ON REMAND

Before: LETICA, P.J., and RIORDAN and CAMERON, JJ.

PER CURIAM.

This case returns to this Court on remand from our Supreme Court. Once more, we reverse the district court's order denying the motion for bindover and suppressing the evidence against defendant, David Allan Lucynski.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Lucynski was charged with operating a vehicle while intoxicated ("OWI"), third offense, MCL 257.625(9)(c); operating a motor vehicle while license suspended or revoked ("DWLS"), second offense, MCL 257.904(3)(b); and possession or transportation of an open alcoholic container in a vehicle, MCL 257.624a(1). In *People v Lucynski*, unpublished per curiam opinion of the Court of Appeals, issued December 17, 2020 (Docket No. 353646) (*Lucynski I*), we described the relevant case history:

> On January 20, 2020, Tuscola County Sheriff Deputy Ryan Robinson was on duty when he observed "two vehicles stopped in the middle of the roadway, facing opposite directions[.]" Deputy Robinson noted that the vehicles were positioned so that the driver's side windows were facing each other. According to Deputy Robinson, the vehicles were impeding traffic even though there was no other traffic in the area at that time. As Deputy Robinson approached the vehicles,

one of the vehicles traveled westbound and the other vehicle traveled eastbound. Lucynski was driving the vehicle that traveled westbound. Deputy Robinson followed Lucynski for 300 to 400 feet before Lucynski pulled into a driveway. Thereafter, Deputy Robinson parked his police cruiser behind Lucynski's vehicle and exited the cruiser. Lucynski was already out of his vehicle.

Deputy Robinson approached Lucynski, who smelled like marijuana and "intoxicating beverages[.]" Deputy Robinson noted that Lucynski had bloodshot eyes and that his demeanor was "pretty laid back." Lucynski admitted that he had consumed alcohol about 20 minutes before. Lucynski also admitted that he had marijuana in his vehicle and that he did not have a driver's license because it was suspended. Lucynski submitted to field sobriety tests, which supported Deputy Robinson's suspicion that Lucynski was intoxicated. After Lucynski refused to submit to a preliminary breath test, Deputy Robinson placed Lucynski under arrest. Thereafter, Lucynski submitted to a preliminary breath test, which revealed that Lucynski had a blood alcohol content of .035. Later, Lucynski's blood was drawn to test for intoxicants, and the sample reflected the presence of THC.

Lucynski was charged with OWI, third offense; DWLS, second offense; and possession or transportation of an open alcoholic container in a vehicle.[] The preliminary examination was held on March 4, 2020. In relevant part, the People presented the testimony of Deputy Robinson, and Deputy Robinson's body camera footage was admitted into evidence. At the close of proofs, the People argued that bindover of the OWI charge was appropriate because there was sufficient cause for Deputy Robinson to conduct the traffic stop under MCL 257.676b(1).[] Lucynski opposed bindover on the OWI charge, arguing that there was "an issue in regards to the actual stop." The district court took the matter under advisement and permitted the parties to file written briefs on the issue of whether Lucynski's Fourth Amendment rights were violated.

In a March 27, 2020 opinion and order, the district court concluded that Deputy Robinson lacked both probable cause and the requisite articulable, reasonable suspicion to conduct a traffic stop. In relevant part, the district court analyzed the plain language of MCL 257.626b(1) and concluded that Deputy Robinson could not have had an articulable, reasonable suspicion that Lucynski was "actually impeding or obstructing actual traffic" because Deputy Robinson testified that "Lucynski's vehicle was not actually impeding or obstructing any actual traffic[.]" Based on the district court's conclusion that the stop was unconstitutional, the district court held that "the evidence obtained after the Traffic stop [w]ould be excluded from evidence" for purposes of the preliminary examination. The district court then found that probable cause did not exist to bind Lucynski over on the OWI charge and dismissed it. The district court indicated that it would set the remaining misdemeanor counts for trial. In doing so, the district court held that "the evidence found as a result of th[e] stop is not admissible in any subsequent hearing o[r] trial on those two misdemeanor counts." [*Id*. at 1-2 (footnotes omitted).]

As noted, this Court concluded that a Fourth Amendment violation did not occur and therefore "the district court erred by excluding evidence from the preliminary examination proceeding and by holding that the evidence produced by investigatory stop and arrest would be excluded from future proceedings concerning Lucynski's DWLS and open intoxicant charges." *Id.* at 7. We also determined "the district court abused its discretion by denying the People's motion for bindover on the OWI charge and by dismissing the OWI charge." *Id.* We therefore reversed the district court's denial of the motion for bindover, and its decision to suppress the evidence against Lucynski. *Id.*

Lucynski appealed to our Supreme Court. The Court granted leave to appeal as to three limited questions:

> (1) whether [Lucynski] impeded traffic, in violation of MCL 257.676b(1), where there was no actual traffic to impede at that time; (2) if not, whether [Deputy Robinson] made a reasonable mistake of law by effectuating a traffic stop of [Lucynski] for violating MCL 257.676b(1), see *Heien v. North Carolina*, 574 U.S. 54, 135 S Ct 530, 190 L Ed 2d 475 (2014); and (3) whether [Deputy Robinson] seized [Lucynski] when he pulled his patrol vehicle behind [Lucynski's] vehicle in a driveway. [*People v Lucynski*, 508 Mich 947 (2021) (*Lucynski II*).]

Our Supreme Court answered the first question in the negative, concluding "there is no evidence in the record to sustain the accusation that defendant" impeded traffic in violation of MCL 257.676b(1). *People v Lucynski*, 509 Mich 618, 650; ___ NW2d ___ (2022) (*Lucynski III*). Similarly, the Court determined Deputy Robinson did not make a reasonable mistake of law in effectuating the traffic stop because "one cannot be guilty of violating MCL 257.676b(1) without evidence that the 'normal flow' of actual traffic was disrupted, and [Deputy] Robinson admitted that no disruption occurred." *Id.* at 652-653. As to the third question, the Court decided Lucynski was seized for purposes of the Fourth Amendment because a reasonable person in Lucynski's place would not feel free to terminate the encounter and leave—indeed, his only options "would have been to attempt to enter a home that [he] did not own (and without knowledge whether the owner was home) or wander off into a frozen field some distance from town in a rural area." *Id.* at 645-646.

On the basis of these conclusions, our Supreme Court resolved:

> [T]hat [Lucynski] was seized the moment [Deputy] Robinson blocked the driveway and prevented egress, [Lucynski's] incriminating statements and [Deputy Robinson's] visual and olfactory observations that the Court of Appeals relied upon to justify further inquiry and an eventual arrest were obtained in violation of [Lucynski's] Fourth Amendment rights. Prior to [Deputy] Robinson blocking [Lucynski] in, [Lucynski] had not made any incriminating statements, and thus such statements could not have justified a seizure. A seizure could have been justified if [Deputy] Robinson had reasonable suspicion to believe that [Lucynski] had violated the law, but as the district court previously held, there was no evidence to support [Deputy] Robinson's hunch that an illegal drug transaction had taken place on the road, and that ruling was not appealed. A suspected violation of MCL 257.676b(1) also could not serve as reasonable suspicion given our previous

-3-

conclusions. Accordingly, we have not been presented with any lawful justification for the seizure, and the district court did not err by holding that the seizure violated [Lucynski's] constitutional rights. [*Id*. at 656-657.]

Therefore, the question for this Court is whether, in light of the Fourth Amendment violations against Lucynski, "application of the exclusionary rule was the appropriate remedy." *Id*. at 658.

## II. STANDARD OF REVIEW

This Court reviews a trial court's factual findings for clear error. *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005). Clear error exists where "we are left with a definite and firm conviction that a mistake has been made." *People v Muro*, 197 Mich App 745, 747; 496 NW2d 401 (1993). "But the application of constitutional standards regarding searches and seizures to essentially uncontested facts is entitled to less deference; for this reason, we review de novo the trial court's ultimate ruling on the motion to suppress." *Williams*, 472 Mich at 313.

## III. LAW AND ANALYSIS

The Fourth Amendment to the United States constitution states, in relevant part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." US Const, Am IV; see also Const 1963, art 1, § 11. In line with these principles, the exclusionary rule prohibits "[t]he introduction into evidence of materials seized and observations made during an unlawful search." *People v Stevens*, 460 Mich 626, 633; 597 NW2d 53 (1999). The exclusionary rule also bars "the introduction into evidence of materials and testimony that are the products or indirect results of an illegal search, the so-called 'fruit of the poisonous tree' doctrine." *Id*. at 633-634, citing *Wong Sun v United States*, 371 US 471; 83 S Ct 407; 9 L Ed 2d 441 (1963).

However, the exclusionary rule is a remedy of last resort. *Herring v United States*, 555 US 135, 140; 129 S Ct 695; 172 L Ed 2d 496 (2009). Even when evidence is the product of an illegal search, it does not follow that the evidence is necessarily subject to the exclusionary rule. *Stevens*, 460 Mich at 635; see also *United States v Calandra*, 414 US 338, 348; 94 S Ct 613; 38 L Ed 2d 561 (1974) ("Despite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons."). In determining whether the exclusionary rule applies, a court must "evaluate the circumstances of th[e] case in the light of the policy served by the exclusionary rule." *Brown v Illinois*, 422 US 590, 604; 95 S Ct 2254; 45 L Ed 2d 416 (1975). "The rule is calculated to prevent, not to repair. Its purpose is to deter—to compel respect for the constitutional guaranty in the only effectively available way—by removing the incentive to disregard it." *Id*. at 599-600.

In *Herring*, 555 US 144-145, the United States Supreme Court considered a circumstance where evidence was discovered as the result of a faulty warrant. In determining whether the exclusionary rule provided a sufficient deterrent effect, the Supreme Court stated:

> To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system. As laid out in our

cases, the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence. The error in this case does not rise to that level.

\* \* \*

If the police have been shown to be reckless in maintaining a warrant system, or to have knowingly made false entries to lay the groundwork for future false arrests, exclusion would certainly be justified under our cases should such misconduct cause a Fourth Amendment violation . . . .

\* \* \*

Petitioner's claim that police negligence automatically triggers suppression cannot be squared with the principles underlying the exclusionary rule, as they have been explained in our cases. In light of our repeated holdings that the deterrent effect of suppression must be substantial and outweigh any harm to the justice system, we conclude that when police mistakes are the result of negligence such as that described here, rather than systemic error or reckless disregard of constitutional requirements, any marginal deterrence does not "pay its way." In such a case, the criminal should not "go free because the constable has blundered." [*Id*. at 144-148 (footnote and citations omitted).]

Here, Deputy Robinson testified that he initiated a traffic stop of Lucynski's vehicle because he thought Lucynski was impeding traffic in contravention of MCL 257.626b(1). *Lucynski I*, unpub op at 1. Although our Supreme Court later concluded that this belief was not objectively reasonable because there was no traffic on the road, *Lucynski III*, 509 Mich at 652, it is also true that Deputy Robinson did not demonstrate any deliberate, reckless, or grossly negligent conduct. There is no evidence in the record showing that Deputy Robinson acted in bad faith when he effectuated a traffic stop of Lucynski. Nor was there any evidence this stop was part of a systemic effort to subvert Lucynski's constitutional rights.

Moreover, Deputy Robinson's decision to stop the vehicle aligned with this Court's reasoning in *People v Salters*, unpublished per curiam opinion of the Court of Appeals, issued January 26, 2001 (Docket No. 215396), p 2. Although *Lucynski III* clarifies *Salters* to the extent that "some evidence of actual interference with the normal flow of traffic is required," *Lucynski III*, 509 Mich at 654, that does not mean suppression is mandated in this case. Deputy Robinson could not have predicted the outcome in *Lucynski III* and to suppress the evidence would impermissibly hold law enforcement officers to a higher standard than the judiciary. Therefore, there is simply not enough evidence in this case showing how suppression of the evidence would deter any future misconduct by police officers. Thus, application of the exclusionary rule was not the appropriate remedy and the district court erred when it concluded otherwise.

Reversed and remanded to the district court for an opinion consistent with this analysis. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Michael J. Riordan
/s/ Thomas C. Cameron